UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TYLEEHA CARTER,

                      Plaintiff,                  19-cv-5372 (PKC)

  -against-                                 ORDER

CITY OF NEW YORK, et al.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Tyleeha Carter moves to dismiss without prejudice her remaining claims against the City of New York (the "City") and certain officers of the New York City Police Department ("NYPD") pursuant to Rule 41(a)(2), Fed. R. Civ. P. Defendants oppose the motion, and urge that the action should be dismissed with prejudice.

        For the reasons that will be explained, Carter's remaining federal claims will be dismissed with prejudice and her claims under New York law will be dismissed without prejudice.

        Rule 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "The Rule thus empowers the district court to either dismiss the case on its own terms or to deny a requested dismissal, if those terms are not met." Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 108-09 (2d Cir. 2018). Voluntary dismissal without prejudice is "not a matter of right." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). "Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in

bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Id.; see also Baiul v. NBC Sports, a division of NBCUniversal Media LLC, 708 F. App'x 710, 713-14 (2d Cir. 2017) (applying Zagano factors) (summary order).  In applying the Zagano factors, "'[t]he extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance.'" George v. Pro. Disposables Int'l, Inc., 2017 WL 1740395, at *3 (S.D.N.Y. May 2, 2017) (Abrams, J.) (quoting Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2, 2008) (McMahon, J.)).

In the event that the movant on a Rule 41(a)(2) motion believes that the district court's terms for dismissal are "too onerous," "'fundamental fairness' require[s] that a plaintiff be afforded an opportunity to withdraw [her] Rule 41(a)(2) motion to dismiss in a case in which the district court's condition would have converted a requested dismissal without prejudice to one with prejudice." Paysys, 901 F.3d at 108.  Thus, Carter has "'the choice between accepting the conditions and obtaining dismissal and, if [s]he feels that the conditions are too burdensome, withdrawing [her] dismissal motion and proceeding with the case on the merits.'" Id. at 109 (quoting GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367-68 (D.C. Cir. 1981)).

This action was filed on June 7, 2019.  (Docket # 1.)  The Amended Complaint asserts eleven causes of action against the City, including tort claims under New York law, claimed violations of the U.S. Constitution asserted through 42 U.S.C. § 1983, and a Monell claim asserting municipal liability against the City. (Docket # 16.)   Fact discovery closed on January 15, 2021.  (Docket # 40.)  Defendants thereafter filed a pre-motion letter explaining the basis for an anticipated summary judgment motion.  (Docket # 41.)  After a pretrial conference

of February 4, 2021, the Court entered an Order stating that, on the consent of the parties, Carter's false arrest claim was dismissed with prejudice and that all claims against individual defendants Jose Hernandez and Nelson Proano were dismissed with prejudice for lack of personal involvement. (Docket # 42.) That Order also set a briefing schedule for defendants' anticipated summary judgment motion. (Id.) Carter filed this motion on February 25, 2021. (Docket # 43.)

The Monell Claim.

Carter states that based on a review of evidence obtained in discovery, her claim of Monell liability against the City "has not been supported by the record evidence and should therefore be dismissed." (Pl. Mem. at 6.) She explains that "her sole remaining claims would be state law claims, which she believes should be tried in state court. Since plaintiff requires the dismissal of her state law claims without prejudice to do so, she respectfully requests that this court issue an order dismissing this action without prejudice." (Id.) In opposition, the City urges that the Monell claim should be dismissed with prejudice and that the Court should also "bar" plaintiff from re-filing her false arrest claim or any claims against former individual defendants Hernandez and Proano. (Docket # 45.)

Carter's Monell claim will be dismissed with prejudice. She acknowledges that the claim lacks evidentiary support and requires dismissal. (Pl. Mem. at 6.) The Zagano factors weigh in favor of dismissing the Monell claim with prejudice and barring its re-litigation.

The first Zagano factor, which weighs plaintiff's diligence in bringing this motion, is neutral. Fact discovery closed on January 15, and the City filed its pre-motion letter the next day. At the February 4, 2021 conference, plaintiff agreed to voluntarily dismiss with prejudice her claim of false arrest and her claims against Hernandez and Proano. Carter now

acknowledges that there is no evidence to support her Monell claim but does not explain why she did not reach this conclusion at the February 4 conference. At the same time, the gap of approximately six weeks between the close of fact discovery and the filing of this motion is relatively brief. Carter explains that during this time, she unsuccessfully sought the City's consent to a stipulation of dismissal. (Pl. Mem. at 4.) This factor is neutral as to whether the Monell claim should be dismissed with or without prejudice.

The second Zagano factor, which looks to whether Carter was unduly vexatious in maintaining the Monell claim, weighs in favor of dismissal without prejudice. Defendants do not urge that Carter was unduly vexatious in maintaining this claim, and there is no indication that Carter continued to litigate a Monell claim after she reasonably should have understood that it lacked factual support. This factor therefore weighs in favor of Carter's position.

The third Zagano factor considers the extent to which an action has progressed, and is generally afforded the greatest weight. George, 2017 WL 1740395, at *3. Discovery is complete, defendants have explained the grounds for an anticipated summary judgment motion, and the Court set a briefing schedule for summary judgment filings. Carter filed this motion eight days before defendants' moving papers were due. By that time, defendants had previewed the merits of their arguments in a pre-motion letter. Dismissal with prejudice is warranted given the stage of the litigation, the expense and effort extended by defendants, and the fact that Carter had been apprised of defendants' likely summary judgment arguments. See Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) ("Discovery has concluded, and defendant has brought on a motion for summary judgment, to which plaintiff has made a patently inadequate response and which is sub judice. It is quite clear that plaintiff's

motive in bringing on this belated motion is to avoid an adverse decision that will forever bind him.") (McMahon, J.).

As to the fourth Zagano factor, re-litigation of the Monell claim would entail duplicative expense. This factor weighs in favor of dismissal with prejudice.

On the fifth Zagano factor, Carter has not adequately explained why the Monell claim should be dismissed without prejudice, given her acknowledgement that the claim lacks evidentiary support. In addition to the third factor, this factor weighs most heavily in favor of dismissing the Monell claim with prejudice.

Applying the Zagano factors, and affording significant weight both to the stage of the litigation and Carter's failure to explain why the claim should be dismissed without prejudice, the Court concludes that the Monell claim should be dismissed with prejudice.

The Remaining Federal Claims.

In addition to the Monell claim asserting municipal liability against the City, the First Amended complaint includes claims alleging the violation of Carter's rights under the U.S. Constitution, including claims of excessive force (Count Two), failure to intervene (Count Five), deprivation of the right to equal protection (Count Eight) and conspiracy to interfere with federal civil rights (Count Nine). The Complaint also alleges a violation of Carter's rights under the Americans with Disabilities Act (Count Six).

Neither Carter nor the defendants expressly mention these claims. In her memorandum, Carter states that "[u]pon dismissal of [the Monell] claim, plaintiff's sole remaining claims would be state law claims, which she believes should be tried in state court." (Pl. Mem. at 6.) It appears that Carter has abandoned all federal claims asserted in this case.

Plaintiff's federal claims will therefore be dismissed with prejudice.

The False Arrest Claim and Claims Against Defendants Hernandez and Proano.

The City urges that the Court should "bar Plaintiff from re-filing her false arrest claim or any claims against former Defendants Jose Hernandez and Nelson Proano, in state court." (Def. Letter at 1.) But the Court has already issued an Order dismissing with prejudice the false arrest claim and "all claims" against Hernandez and Proano. (Docket # 42 ("On consent of the parties, the false arrest claim is dismissed with prejudice. On consent of the parties, all claims against defendants Hernandez and Proano are dismissed with prejudice for lack of personal involvement.").) The City recognizes as much in its letter-brief. (Def. Letter at 2.) Because the Court has already entered an Order that dismisses with prejudice the false arrest claim and the claims against Hernandez and Proano, the City's application for further relief is denied as moot.

The State Law Claims Are Dismissed without Prejudice.

Carter states that she is seeking dismissal without prejudice because her "sole remaining claims would be state law claims, which she believes should be tried in state court." (Pl. Mem. at 6.)

In opposing Carter's motion, defendants inaccurately state that with the dismissal of Hernandez and Proano, "there are no other state law claims in this action at this time." (Def. Letter at 2.) But the Amended Complaint includes the following claims asserted under New York law: assault and battery (Count One), intentional infliction of emotional distress (Count Three), failure to intervene (Count Four), denial of equal protection under New York civil rights statutes and the state constitution (Count Seven), and negligent hiring, training, retention and supervision (Count Ten). Those claims have not been dismissed, and defendants make reference to them in their pre-motion letter regarding summary judgment. (Docket # 41 at 1-2.)

Individual defendants Boris Mirkin, Awais Mazhar and Juan Perez remain in this action. The docket reflects that electronic summons to these defendants were returned as

executed, and plaintiff has filed affidavits of service. (Docket # 22.) In a footnote to their pre-motion letter on summary judgment, defendants have urged that these defendants were not properly served and, in any event, were not personally involved in Carter's claims. (Docket # 41 at 2 n.1.) Neither the adequacy of service nor these defendants' personal involvement has been adjudicated. Whatever the defendants' views on the ultimate merits of the claims, their unqualified and unexplained assertion that "there are no other state law claims against other defendants" appears to be factually incorrect.

In reviewing the Zagano factors, the Court concludes that they weigh in favor of dismissal without prejudice. Carter has adequately explained that dismissal without prejudice is appropriate because with no remaining federal claims, she intends to re-file her claims under New York law in state court. She also explains that because discovery on those claims is complete, the risk of duplicative expense is low or nonexistent. For the purposes of the Zagano factors, this places the state law claims on a different footing than the Monell claim, where Carter offered no explanation as to why the claim should be dismissed without prejudice despite acknowledging the absence of evidentiary support.

Carter's state law claims will therefore be dismissed without prejudice.

CONCLUSION.

Counts Two, Five, Six, Eight, Nine and Eleven will be dismissed with prejudice. Counts One, Three, Four, Seven and Ten will be dismissed without prejudice. The Clerk is directed to terminate the motion. (Docket # 43.)

Within seven days, plaintiff shall advise the Court in writing whether she wishes to dismiss this action on the conditions set forth above, or whether she withdraws her motion and wishes to proceed with this litigation.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 19, 2021